IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Miles,                              :
                    Petitioner            :
                                           :
    v.                                     :   No. 1111 C.D. 2023
                                           :
City of Philadelphia (Workers'             :
Compensation Appeal Board),                :
                    Respondent            :   Submitted:  July 5, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  August 16, 2024

Thomas Miles (Claimant) petitions this Court for review of a September 7, 2023 order of the Workers' Compensation Appeal Board (Board) affirming a decision by a workers' compensation judge (WCJ), which granted a Modification Petition filed by the City of Philadelphia (Employer) based on the results of an impairment rating evaluation (IRE) conducted pursuant to Section 306(a.3) of the Workers' Compensation Act (Act).[1]  Claimant argues that the Modification Petition

---

[1] A claimant who has received total disability benefits for 104 weeks must submit to an IRE, which is used to calculate a claimant's degree of impairment due to the compensable injury. Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. § 511.3.  Section 306(a.3)(2) further specifies that an IRE should be conducted in accordance with the Sixth Edition (second printing) of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).  77 P.S. §511.3(2).

    Previously, former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111, provided that the IRE must be conducted in accordance with the "most recent" version of the AMA Guides.  In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 841 (Pa. 2017), our

**(Footnote continued on next page…)**

was improperly granted because Section 306(a.3)'s IRE provisions may not apply to injuries, such as his, sustained prior to its effective date, and that the legislature unconstitutionally delegated its legislative authority by enacting Section 306(a.3). Upon review, we affirm.

## I. Background

The underlying facts in this case are not in dispute. Claimant was working for Employer as a police officer when he sustained a work injury on March 6, 2012. Certified Record (C.R.), Item No. 7, WCJ Decision, Finding of Fact (F.F.) No. 4(a). Employer issued a Notice of Compensation Payable (NCP) describing the work injury as a left shoulder sprain. *Id.*, Procedural History. An amended NCP subsequently listed the injury as a left shoulder rotator cuff tear. *Id.* Claimant, who stopped work immediately, first received benefits under the Heart and Lung Act.[2] *Id.* In October 2016, Claimant began receiving temporary total disability benefits under the Act. *Id.*, F.F. No. 4(f).

On September 14, 2021, Employer filed its Modification Petition based on the results of an August 5, 2021 IRE conducted by Dr. Lynn Yang. *Id.*, F.F. No. 1(c). Following the Sixth Edition (second printing) of the AMA Guides, Dr. Yang assigned Claimant a whole-body impairment (WBI) rating of 12%. *Id.*, F.F. No. 1(o). Claimant offered no medical evidence in opposition to the Modification

---

Supreme Court held that former Section 306(a.2) was an unconstitutional delegation of the General Assembly's legislative authority, and struck down the provision in its entirety.

Act 111 largely reenacted the provisions held unconstitutional in *Protz*, but with a key difference: unlike former Section 306(a.2) of the Act, which failed to specify a version of the AMA Guides, Section 306(a.3) now provides that an IRE must utilize the Sixth Edition (second printing, April 2009). 77 P.S. § 511.3(1).

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.

Petition, but argued that the Act's IRE provisions are unconstitutional.  *Id.*, F.F. No. 3.

In a March 30, 2023 decision, the WCJ granted the Modification Petition and amended Claimant's benefits from total to partial disability as of August 5, 2021.[3] The WCJ explained that she found "the unrebutted testimony of Dr. Yang credible that on August 5, 2021 Claimant had a [WBI] rating of 12% under the [Sixth] Edition of the AMA Guidelines, second printing." *Id.*, F.F. No. 16.  Additionally, the WCJ rejected Claimant's argument that the Act's IRE provisions are unconstitutional, correctly noting that this Court has rejected that argument.  *Id.*, F.F. No. 17 (citing *Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019)).

Claimant appealed to the Board, which affirmed.  This appeal followed.[4]

## II.  Issues

Claimant argues that the right to wage loss benefits under the Act becomes "a vested right when an employer acknowledges or a [WCJ] rules that [an] employee has suffered a work-related injury."  Claimant's Br. at 11.  Since Act 111 constitutes "a substantive amendment that impacts and potentially reduces an injured worker's vested right," Claimant reasons, it cannot be applied retroactively to injuries suffered before its date of enactment.  *Id.* at 12.  Claimant additionally argues that Act 111

---

[3] The WCJ also granted a Penalty Petition filed by Claimant, finding that Employer violated the Act by consistently delaying the sending of Claimant's disability checks.  WCJ Decision, F.F. No. 14.  Since Employer did not appeal from that part of the WCJ's decision, it is omitted from further discussion.

[4] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated.  *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

3

constitutes an unconstitutional delegation of the General Assembly's legislative authority.

## III. Discussion

We first address Claimant's argument that Act 111 cannot be retroactively applied. In Claimant's view, his right to total disability benefits under the Act vested when Employer acknowledged his March 6, 2012 work injury, which predated the enactment of Act 111 by more than 6 years. Claimant acknowledges that Sections 3(1) and 3(2) of Act 111 explicitly give retroactive effect to the IRE provisions in Section 306(a.3) of the Act,[5] and grant Employer a credit for total disability payments made prior to Act 111's enactment on October 24, 2018. However, Claimant maintains that retroactive application of Act 111 is unconstitutional for two reasons: first, because it allows the employer to request an IRE based on weeks of indemnity benefits that were paid and received prior to the effective date of Act 111; second, because it limits wage loss benefits "that would otherwise be, generally open[-]ended." *Id.* at 18.

In support, Claimant cites this Court's decision in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020). In that case, we observed that the newly-enacted IRE provisions in Section 306(a.3) constituted "a substantive change in the law, which cannot be applied retroactively absent clear legislative intent to do so." *Id.* at 553. Thus, we held that an employer

---

[5] Section 3(1) of Act 111 provides that, for purposes of calculating whether a claimant has received 104 weeks of total disability benefits and must submit to an IRE under Section 306(a.3) of the Act, an employer "**shall be given credit** for weeks of total disability compensation paid prior to" Act 111's effective date, which is October 24, 2018. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added). Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability to which a claimant is entitled, an employer "**shall be given credit** for weeks of partial disability compensation paid prior to" Act 111's effective date. *Id.*

4

could not give effect to an IRE that predated Act 111, since the retroactive application of Act 111 would have a direct, negative impact on a claimant's disability status, and Act 111 contained no provision that would "specifically or implicitly" give retroactive effect to an IRE performed under former Section 306(a.2). *Id.* at 562-63. In Claimant's view, Act 111's "unconstitutionality is clear" in light of our holding in *Rose Corporation*. Claimant's Br. at 21. Claimant does acknowledge our subsequent holding in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021), that a claimant's "'vested rights' have not been abrogated by Act 111," but asks this Court to "reconsider" that decision. Claimant' Br. at 34.

Claimant's arguments are unpersuasive. While it is true that we characterized Act 111 as a substantive amendment to the Act in *Rose Corporation*, we also explained that "the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid" through the use of "careful and specific language." 238 A.3d at 562. Thus, while Act 111 contained no provision allowing employers to give effect to an IRE conducted before Act 111's passage, the legislature evinced its clear intent to give specific, retroactive effect to Act 111's credit provisions.

Furthermore, we disagree that a claimant's expectation of his wage loss benefits to be "open[-]ended," Claimant's Br. at 18, renders any part of Act 111 constitutionally infirm. As this Court noted in *Pierson*, there are "reasonable expectations under the Act that benefits may change." 252 A.3d at 1179. Claimants who already received 104 weeks of benefits, we explained, "did not automatically lose anything" through Act 111's enactment. *Id.* Instead, the legislation "simply provided employers with the means to change a claimant's disability status from

5

total to partial by providing the requisite medical evidence that the claimant has a [WBI] of less than 35%, after receiving 104 weeks of TTD benefits." *Id.* Claimant gives us no basis to overturn our reasoning in *Pierson*, but instead largely repeats the arguments advanced by the claimant in that case. Thus, we decline Claimant's invitation to reconsider that decision.

Next, we turn to Claimant's argument that the legislature unconstitutionally delegated its legislative authority by enacting Act 111. In Claimant's view, "[m]erely replacing the phrase 'most recent edition' of the AMA Guides with '[Sixth] [E]dition' does nothing to address this Court's admonition that 'the General Assembly may delegate regulatory power to responsible governmental agencies,' but not to private persons." Claimant's Br. at 37 (citing *Protz*, 161 A.3d at 837). Arguing that this "Court should not tolerate a violation of the Supreme Court's teachings," Claimant urges us to reverse the decisions below. *Id.* at 39.

We disagree. Claimant simply repeats an argument that this Court already considered and rejected in *AFL-CIO*. In that case, the petitioner labor union maintained that Section 306(a.3), no less than its repealed predecessor, unconstitutionally delegated legislative authority to the AMA, a private entity. 219 A.3d at 315. This Court disagreed, explaining that what rendered former Section 306(a.2) unconstitutional was its adoption, "**sight unseen** of **future** standards or editions, without guidance by the General Assembly as to the basic policy decisions and standards to restrain the discretion of the entity setting those standards." *Id.* (emphasis in original). In enacting Section 306(a.3), by contrast, the General Assembly adopted "as its own a particular set of standards which **already [were] in existence** at the time of its adoption." *Id.* at 316 (emphasis in original).

Claimant fails to explain why the facts in the instant matter are distinguishable from those set forth in *AFL-CIO*, or why our decision in that matter was erroneous. For the foregoing reasons, we affirm the Board.

ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Miles,                    :
          Petitioner       :
                           :
      v.                      :  No. 1111 C.D. 2023
                           :
City of Philadelphia (Workers'  :
Compensation Appeal Board),   :
          Respondent   :

## **O R D E R**

AND NOW, this 16th day of August, 2024, the order of the Workers' Compensation Appeal Board in the above-captioned matter, dated September 7, 2023, is hereby AFFIRMED.

ELLEN CEISLER, Judge